Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6482 | **DATE** | 2/26/03 |
| **CASE TITLE** | NSM Music, Inc. Vs. Daniel Villa Alvarez | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly th of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and O the Court denies plaintiff's motion for entry of default and its motion for entry of default judgmen

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Documen Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NSM MUSIC, INC. and )
NSM MUSIC GROUP, LTD., )
)
Plaintiffs, )
)
vs. ) Case No. 02 C 6482
)
DANIEL VILLA ALVAREZ, NUEVAS )
SINFONOLAS DE MEXICO, S.A. DE C.V., )
and SINFONOMEX, S.A. DE C.V., )
)
Defendants. )

DOCKETED
MAR 0 3 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs NSM Music, Inc. and NSM Music Group, Ltd. have sued defendant Nuevas Sinfonolas de Mexico, S.A. de C.V., and Sinfonomex, S.A. de C.V., both Mexican corporations, and the companies' president Daniel Villa Alvarez, a Mexican citizen, for various causes of action. Plaintiffs, which sell jukeboxes and related products, allege that Sinfonolas, which was plaintiffs' distributor in Mexico, owes plaintiffs over $130,000 on sales of plaintiffs' products and have therefore sued Sinfonolas for breach of contract. Plaintiffs also seek to impose liability on Villa and Sinfonomex for Sinfonolas' breach on an *alter ego* theory. Finally, plaintiffs claim that each of the defendants have continued to use NSM's trademarks following plaintiffs' termination of Sinfonolas as their distributor, in violation of the Lanham Act.

Plaintiffs have moved for entry of a default judgment against each of the defendants based upon their failure to respond to NSM's complaint. In response to concerns raised by the

Court regarding the sufficiency of service of process, NSM has submitted a brief, the affidavits of service and an affidavit from counsel, and other supporting material explaining how service was effected. According to NSM, service of the summonses and complaint was initially attempted by a private server at Villa's home in Mexico. After the door was slammed in his face, the process server slipped the documents under the door. Plaintiffs then had the Clerk of this Court issue alias summonses and send them via Federal Express to the defendants both at the home address used by the process server and at the business address listed on Alvarez' business cards. Documents attached to NSM's brief (specifically, a printout from Federal Express's on-line package tracking service) reflects that both sets of packages were successfully delivered. NSM has not, however, provided the Court with a signed receipt of delivery.

The initial attempt at service in Mexico appears to have been improper. Federal Rule of Civil Procedure 4(h), which governs service upon foreign corporations, specifically prohibits personal service. *See* Fed. R. Civ. P. 4(h)(2). Rule 4(f), which governs service upon foreign individuals, provides that service is to be made by internationally agreed means, such as those authorized in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. Fed. R. Civ. P. 4(f)(1). Personal service in the manner attempted by plaintiffs is permitted in a foreign country only if allowed by treaty or in the absence of internationally agreed means, and only so long as the country of destination does not prohibit personal service. Fed. R. Civ. P. 4(f)(2)(C). Because Mexico is a signatory to the Hague Convention (as of June 1, 2000), personal service is permitted only if that treaty provides for it. It does not, at least not in the manner attempted by NSM (i.e., via a privately-retained process server). Rather, the Hague Convention contemplates personal

2

service via the authorities of the country of destination, or through the originating country's consular officials in the country of destination. *See* Hague Conv. Arts. 3-9.

NSM's later attempts at service come closer to the mark but still fall short of compliance with the Federal Rules. Rule 4(f)(2)(C)(ii) says that so long as the applicable treaty permits it and so long as the country of destination does not prohibit it, process may be served on an individual in a foreign country via mailing from the clerk of court using any form of mail requiring a signed receipt. Fed. R. Civ. P. 4(f)(2)(C)(ii). Rule 4(h) incorporates the same procedures with respect to foreign corporations. Fed. R. Civ. P. 4(h)(2). The Hague Convention states that absent an objection from the country of destination, there is no prohibition on sending judicial documents, by postal channels, directly to persons abroad. Hague Conv. Art. 10. Mexico does not appear to have a prohibition on service by registered mail, at least according to a U.S. State Department Web site. *See* www.travel.state.gov/mexicoja.html. ("There is no provision in Mexico law specifically prohibiting service by international registered mail . . . .").[1]

There are two flaws, however, with the form of service used by plaintiffs. NSM used Federal Express, which is neither a "postal channel" (the term used in the Hague Convention) nor "mail" (the term used in the Federal Rules), at least as that term is commonly understood. *See, e.g.,* Webster's Third International Dictionary at 1361 (1993) (defining "mail" as "the bags of letters and the other postal matter conveyed *under public authority* from one post office to another"). And even were the Court to overlook this deviation from the Rules and the Hague Convention, plaintiffs have failed to provide the Court with any evidence of a "signed receipt,"

---

[1] The same Web site notes, however, that registered mail service will not get the plaintiff a judgment that is enforceable in Mexico.

3

which the Federal Rules specifically require. Fed. R. Civ. P. 4(f)(C)(ii). These points might seem technical, but the plaintiffs are asking this Court to extend its reach abroad, and thus careful adherence to the requirements of international treaties and the Federal Rules of Civil Procedure is called for.

## Conclusion

For the foregoing reasons, the Court denies plaintiff's motion for entry of default and its motion for entry of default judgment.

MATTHEW F. KENNELLY
United States District Judge

Date: February 25, 2003